1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VALEN ANDREW JONES, | ) Case No. EDCV 13-1513-VAP (JPR) |
| Petitioner, | ) |
| vs. | ) ORDER TO SHOW CAUSE |
| TIM PEREZ, Warden,[1] | ) |
| Respondent. | ) |

On August 22, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, raising five claims.[2]  On October 11, 2013, Respondent

---

[1]Tim Perez, warden of California Institution for Men in Chino, where Petitioner is currently housed, is substituted in as the sole respondent pursuant to Federal Rule of Civil Procedure 25(d).  See R. 2, Rules Governing § 2254 Cases in U.S. Dist. Cts. (hereafter "Habeas rules").

[2]In response to the question, "[i]f any of the grounds . . . were not previously presented to the California Supreme Court, state briefly which grounds were not presented, and give your reasons," Petitioner stated that he "had a conversation with one of the jurors and [that] because [he] couldn't remember his name the trial court denied [him] of his rights for a new trial." (Pet. at 6.)  Petitioner has not presented this as a separate claim (see Pet. at 5-6 (listing claims)), nor has he pointed to any evidence

1 filed an Answer with an attached memorandum of points and
2 authorities.  Petitioner has not filed a reply.

3      On July 21, 2010, Petitioner was convicted by a Riverside
4 County Superior Court jury of nine counts of second-degree
5 robbery, in violation of California Penal Code section 211, and
6 three counts of false imprisonment, in violation of section 236.
7 (Lodged Doc. 1, 4 Clerk's Tr. at 885-87.)  In connection with
8 each count, the jury found that a principal was armed with a
9 firearm, in violation of section 12022(a)(1).  (Id.)  On March
10 11, 2011, the trial court sentenced Petitioner to 17 years 8
11 months in prison.  (Id. at 885.)  Petitioner appealed his
12 convictions, raising claims corresponding to grounds one, two,
13 four, and five of the Petition.  (Lodged Doc. 3.)  On June 28,
14 2012, the California Court of Appeal affirmed Petitioner's
15 judgment.  (Lodged Doc. 6.)  Petitioner thereafter filed a
16 petition for review in the California Supreme Court, raising only
17 claims corresponding to grounds one and two.  (Lodged Doc. 7.)
18 On September 17, 2012, the supreme court summarily denied review.
19 (Lodged Doc. 8.)  On December 7, 2010, Petitioner filed a habeas
20 petition in the California Court of Appeal, raising claims
21 corresponding to grounds one, two, and four;[3] the court of appeal

22

23 in support of the allegation.  See Greenway v. Schriro, 653 F.3d
24 790, 804 (9th Cir. 2011) (conclusory allegations not supported by
specific facts do not warrant habeas relief).  In any event, even
25 had Petitioner properly asserted this as a separate claim it would
26 be unexhausted, given that he has never raised it in the state
supreme court.  See (Lodged Doc. 7); James v. Borg, 24 F.3d 20, 24
27 (9th Cir. 1994).  Accordingly, the Court declines to consider it.

28     [3]The habeas petition was filed before the trial court
sentenced Petitioner.

summarily denied it on December 17.  (Lodged Docs. 9, 10.)
Petitioner alleges that he filed a habeas petition with the
California Supreme Court (Pet. at 4), but the case number he
provided corresponds to his petition for review and not a habeas
petition (see Lodged Doc. 7).  Further, the Court's review of the
California Appellate Courts' Case Information website shows that
Petitioner has not filed any habeas petition in the supreme
court.  See Cal. Appellate Ct. Case Info. Website,
http://appellatecases.courtinfo.ca.gov/ (last visited Mar. 11,
2014).

Under 28 U.S.C. § 2254(b), habeas relief may not be granted
unless a petitioner has exhausted the remedies available in state
court.[4]  Exhaustion requires that the petitioner's contentions
were fairly presented to the state courts and disposed of on the
merits by the highest court of the state.  See James v. Borg, 24
F.3d 20, 24 (9th Cir. 1994).  As a matter of comity, a federal
court will not entertain a habeas petition unless the petitioner
has exhausted the available state judicial remedies on every
ground presented in the petition.  See Rose v. Lundy, 455 U.S.
509, 518, 102 S. Ct. 1198, 1203, 71 L. Ed. 2d 379 (1982).  A
federal court may raise the failure-to-exhaust issue sua sponte
and summarily dismiss on that ground.  See Stone v. City & Cnty.
of S.F., 968 F.2d 850, 856 (9th Cir. 1992); see also Granberry v.

---

[4]A habeas petition "shall not be granted unless it appears
that-- (A) the applicant has exhausted the remedies available in
the courts of the State; or (B)(i) there is an absence of available
State corrective process; or (ii) circumstances exist that render
such process ineffective to protect the rights of the applicant."
28 U.S.C. § 2254(b)(1).

1  Greer, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 1675, 95 L. Ed. 2d
2  119 (1987).

3        In ground one, Petitioner argues that the trial court erred
4  in denying a motion to exclude evidence of the final robbery, to
5  which he pleaded guilty.  (Pet. at 5.)  In ground two, Petitioner
6  argues that the trial court erred in not excluding "all 1101
7  evidence before the case went to the jury."  (Id.)  Petitioner
8  fails to allege any federal constitutional violation, nor does he
9  cite any applicable Supreme Court precedent or federal law in
10  support of these claims.  (Id.)  The state court of appeal
11  addressed and rejected them based on state law (Lodged Doc. 6 at
12  11-18), and this Court is bound by the state court's conclusion
13  on an issue of state law.  See Bradshaw v. Richey, 546 U.S. 74,
14  76, 126 S. Ct. 602, 604, 163 L. Ed. 2d 407 (2005) (holding that
15  state court's interpretation of state law, including that
16  announced on direct appeal of challenged conviction, binds
17  federal habeas court); see also Estelle v. McGuire, 502 U.S. 62,
18  67-68, 112 S. Ct. 475, 480, 116 L. Ed. 2d 385 (1991) ("[I]t is
19  not the province of a federal habeas court to reexamine
20  state-court determinations on state-law questions.")  As a
21  result, Petitioner's claims are not cognizable on federal habeas
22  review.  In any event, even if the Court liberally construed them
23  to properly assert a due-process violation, neither claim would
24  have been exhausted in state court because Petitioner relied only
25  on state law in his petition for review to the California Supreme
26  Court.  See Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979)
27  (holding that exhaustion requires habeas claims to have been
28  "fairly presented" to state courts and disposed of on merits by

4

state supreme court).  A claim has been fairly presented only if
the petitioner has described in the state court proceedings both
the operative facts and the federal legal theory on which the
claim is based.  See Picard v. Connor, 404 U.S. 270, 276-77, 92
S. Ct. 509, 513, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88
F.3d 828, 830 (9th Cir. 1996).  Thus, grounds one and two of the
Petition are not cognizable on federal habeas review and are in
any event unexhausted.[5]

In ground three, Petitioner alleges that he was "found
guilty with reasonable doubt," seemingly a challenge to the
sufficiency of the evidence.  (Pet. at 5.)  He raises the claim
for the first time in the Petition.  Thus, because Petitioner
failed to fairly present the claim to any state court, it is
unexhausted.[6]  See Carothers, 594 F.2d at 228.

---

[5]In his opening brief to the court of appeal, Petitioner did
assert that the alleged error was "a denial of the defendant's
right to a fair trial[] and to the due process of law guaranteed by
the federal constitution, applied to the states via the Fourteenth
Amendment"; he also asserted that it "meets the general standard
for federal constitutional errors."  (Lodged Doc. 3 at 40, 62.)
These general, nonspecific references to the U.S. Constitution,
however, likely did not satisfy the exhaustion requirement.  See
Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996) (as modified)
(holding that mere general assertion of "due process" violation
insufficient to transform state-law claim into federal one).  In
any event, because Petitioner's petition for review nowhere even
suggested a federal claim – instead, it sought review on the basis
of "new and important issues of Evidence Code section 1101 law"
(Lodged Doc. 7 at 36) – any federal aspect of the claims is
nonetheless not exhausted.  See James, 24 F.3d at 24.

[6]To the extent Petitioner is raising the same argument he did
in his state habeas petition – because the jury hung on some
robbery charges, he should have been found not guilty of the others
(Lodged Doc. 9 at 1) – the claim is patently frivolous.  See
Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (summary

1    In ground four, Petitioner alleges the trial court erred in
2  determining that he was presumptively ineligible for probation
3  given that he did not personally use a deadly weapon. (Pet. at
4  6.) In ground five, Petitioner alleges that the trial court
5  failed to obtain a current probation report at sentencing. (<u>Id.</u>)
6  Petitioner raised claims corresponding to grounds four and five
7  on direct appeal (<u>see</u> Lodged Doc. 3) but did not raise them in
8  his petition for review (<u>see</u> Lodged Doc. 7).[7] Because Petitioner
9  didn't raise these claims in the state supreme court, they are
10  unexhausted. <u>See</u> <u>James</u>, 24 F.3d at 24.

11    In certain "limited circumstances," a district court may
12  stay a "mixed" petition – that is, one raising both exhausted and
13  unexhausted claims – and hold it in abeyance while the petitioner
14  returns to state court to exhaust unexhausted claims. <u>See</u> <u>Rhines</u>
15  <u>v. Weber</u>, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535, 161 L. Ed. 2d
16  440 (2005). Fully unexhausted petitions, however – those in
17  which none of the claims have ever been presented to the state
18  supreme court – may not be stayed and held in abeyance. <u>See</u>
19  <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006). Rather,
20  they must be dismissed. <u>See</u> <u>id.</u>; <u>Jiminez v. Rice</u>, 276 F.3d 478,
21  481 (9th Cir. 2001) (affirming dismissal of fully unexhausted
22  petition raising ineffective assistance of counsel and other
23  claims); <u>see also</u> <u>Roberts v. McDonald</u>, No. EDCV 10-873 AHM (FFM),
24

25  dismissal appropriate when allegations "patently frivolous or
26  false" (internal quotation marks omitted)). In any event, the
   claim would still be unexhausted because it was never presented to
27  the California Supreme Court.

28    [7]Petitioner also raised ground four in his habeas petition to
   the state court of appeal. (<u>See</u> Lodged Doc. 9.)

1  2010 WL 2539762, at *3 & n.2 (C.D. Cal. June 17, 2010) (same,

2  following Rasberry).

3      Generally, the answer to a habeas petition "must state

4  whether any claim in the petition is barred by a failure to

5  exhaust state remedies."  Habeas R. 5(b).  Respondent incorrectly

6  stated that Petitioner exhausted his state remedies, apparently

7  based on a mistake of fact.  (See Answer at 2 (stating that

8  "[Petitioner] has exhausted his state remedies by presenting his

9  claims to the California Supreme Court in a petition for review,"

10  when in fact the petition for review raised only grounds one and

11  two of the Petition).)  Nonetheless, "[a] State shall not be

12  deemed to have waived the exhaustion requirement or be estopped

13  from reliance upon the requirement unless the State, through

14  counsel, expressly waives the requirement."  28 U.S.C.

15  § 2254(b)(3).  Respondent's mistaken belief that the claims had

16  been exhausted does not prevent this Court from independently

17  considering whether the Petition should be dismissed on that

18  basis.  See Day v. McDonough, 547 U.S. 198, 202, 126 S. Ct. 1675,

19  1679-80, 164 L. Ed. 2d 376 (2006) (holding that district courts

20  have authority to consider forfeited habeas defenses when based

21  on State's mistake of fact); Wood v. Milyard, 566 U.S. __, 132 S.

22  Ct. 1826, 1833, 182 L. Ed. 2d 733 (2012) ("federal appellate

23  courts have discretion, in 'exceptional cases,' to consider a

24  nonexhaustion argument 'inadverten[tly]' overlooked by the State"

25  (quoting Granberry, 481 U.S. at 132, 134)).  Unlike the

26  respondent in Wood, who on two occasions explicitly refused to

27  assert a particular habeas defense and thus waived it, see 132 S.

28  Ct. at 1834, Respondent here did not waive the defense, as it was

7

1  not "knowingly and intelligently relinquished," <u>id.</u> at 1832 n.4;

2  thus, this Court has "the authority to resurrect [it]," <u>id.</u> at

3  1833 n.5; <u>see also</u> <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1127 (9th

4  Cir. 1998) (court may "insist on exhaustion of state remedies . .

5  . to further the interests of comity, federalism, and judicial

6  efficiency").[8]  This case is "exceptional" because the Petition

7  appears to be fully unexhausted and thus "must" be dismissed.

8      IT THEREFORE IS ORDERED that within 21 days of this Order,

9  Petitioner show cause in writing why the Court should not

10  recommend that this action be dismissed for failure to exhaust

11  state remedies.[9]  <u>See</u> <u>Wood</u>, 132 S. Ct. at 1834 (petitioner must

12  have "fair opportunity to present his position").  The matter

13  will stand submitted for decision at that time unless the Court

14  calls for further briefing.  Petitioner is warned that his

15  failure to timely and satisfactorily respond to this Order

16

17

18

---

19      [8]<u>Eichwedel v. Chandler</u>, 696 F.3d 660, 671 (7th Cir. 2012),

20  held that "a State expressly waives exhaustion for purposes of
   § 2254(b)(3) where, as here, it concedes clearly and expressly that

21  the claim has been exhausted, regardless of whether that concession
   is correct."  This Court, however, is not bound by out-of-circuit

22  decisions.  Further, this dicta from <u>Eichwedel</u> appears to be in
   direct conflict with <u>Wood</u>'s and <u>Day</u>'s combined holding that an

23  "inadvertent" oversight by the State based on a mistake of fact
   does not prevent a court from considering a "nonexhaustion

24  argument."  <u>Wood</u>, 132 S. Ct. at 1833; <u>Day</u>, 547 U.S. at 209-11.
   Although <u>Eichwedel</u> was decided four months after <u>Wood</u>, it does not

25  cite or discuss it.  The cases relied upon in <u>Eichwedel</u>, <u>see</u> 696

26  F.3d at 671 n.33, were all decided before <u>Wood</u>.

27      [9]A petitioner has the burden of showing that he has exhausted
   available state remedies.  <u>See</u> <u>Williams v. Craven</u>, 460 F.2d 1253,

28  1254 (9th Cir. 1972) (per curiam).

1  may result in his Petition being dismissed for the reasons stated

2  above and for failure to prosecute.

DATED: March 14, 2014

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE